PAMELA AMUSEMENT CO., Inc.,
v.
SCOTT JEWELRY COMPANY and Matthew J. Brown.
Civ. A. No. 58-442.
United States District Court
D. Massachusetts.
June 16, 1958.

———◆———

Clarence P. Kudisch, Alfred Sigel, Boston, Mass., for plaintiff.

Lawrence R. Cohen, Boston, Mass., for defendants.

FRANCIS J. W. FORD, District Judge.

Defendants move to dismiss the complaint for failure to state a claim on which relief can be granted, or alternatively for a more definite statement.

Rule 8(a) (2) of the Federal Rules of Civil Procedure, 28 U.S.C.A., requires "a short and plain statement of the claim showing that the pleader is entitled to relief." From the facts set forth here in a single count it is not clear just what claims plaintiff is asserting. It appears from plaintiff's argument that its principal claim is one for deceit based on misrepresentations by defendant Brown. However, there is no allegation that plaintiff believed these representations or relied on them. Nor is it clear whether such a claim is asserted solely against the individual defendant Brown, or also against the corporate defendant.

Plaintiff also contends that a claim is set forth for breach of the covenants of the lease against defendant corporation as a guarantor. However, the terms of the lease or of the guaranty are not set forth. Moreover, while it is alleged that Brown executed the lease, purporting to act as Treasurer of defendant corporation, it is not alleged he was Treasurer or otherwise authorized to act on behalf of defendant corporation.

The complaint should be amended to set forth a clear statement, in separate counts, of the claim or claims asserted against each defendant. If this is done, defendants will be able to answer the complaint without need of a more definite statement.

The motion for a more definite statement is denied. The motion to dismiss is allowed unless within twenty days plaintiff amends its complaint to set forth a clear statement of its claim or claims against each defendant.